UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM SCOTT DAVIS JR.,
No. 84944-083,

      Petitioner,

v.                                            Civil Action Nos.   2:17cv514
                                                                                   2:18cv104

JEFFERSON SESSIONS,
U.S. Attorney General, et al.,

      Respondents.

## REPORT AND RECOMMENDATION

Petitioner William Scott Davis originally filed a petition for a writ of habeas corpus (Case No. 2:17cv514) on September 22, 2017, while incarcerated at Piedmont Regional Jail in Farmville, Virginia.[1] He was, at that time, awaiting trial in the U.S. District Court for the Eastern District of North Carolina on charges related to cyberstalking and communicating threats by interstate and foreign means. He brought that Petition[2] under 28 U.S.C. § 2241, challenging both the fact of his detention and the conditions of that detention. Pet. (ECF

---

[1] Piedmont Regional Jail is operated as an agency of the Commonwealth of Virginia, but Davis was in the custody of the U.S. Marshal for the Eastern District of North Carolina.

[2] And a "Supplemental Petition," filed in the same case (ECF No. 22). The court considers both documents together to constitute his Petition. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that pleadings from pro se parties should be "liberally construed").

No. 1).³ On February 23, 2018, Davis filed a second Petition (Case No. 2:18cv104) alleging substantially similar claims. On March 22, 2018, Davis was convicted on charges of threatening communications. See J. Order, United States v. Davis, No. 5:14-cr-240 (E.D.N.C. Mar. 29, 2018). He was then transferred to a federal prison in Maryland to serve the 12-year prison term included in his sentence. See Resp't's Mem. at 6 (ECF No. 60). Following his conviction, Davis sought to consolidate both his habeas cases and transfer the consolidated case to Maryland. See Pet.'s Mot. (ECF No. 54 in Case No. 2:17cv514); Pet.'s Mot. (ECF No. 16 in Case No. 2:18cv104). Both cases have been referred to the undersigned Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636. Due to the entry of judgment on his conviction and his transfer to a prison in Maryland, the Respondent argues Davis' petitions should be dismissed for lack of jurisdiction. Resp't's Mem. at 8-14 (ECF No. 60).

Because the various pleadings in the two cases allege substantially similar, related claims for relief, the court should GRANT the Motions to Consolidate (ECF No. 54 in Case No. 2:17cv514); Pet.'s Mot. (ECF No. 16 in Case No. 2:18cv104) and DIRECT the Clerk to consolidate the two cases under Case Number 2:17cv514. For the reasons explained below, the undersigned

---

³ Unless otherwise noted, all citations to the electronic docket in this Report and Recommendation are to the docket in Case No. 2:17cv514.

also recommends that the court DISMISS AS MOOT all claims in the consolidated case.

## Analysis

In total, Davis has filed dozens of submissions in his two habeas cases which vary in clarity. Generally, however, his Petitions argue he received ineffective assistance of counsel from the attorney appointed to represent him during his initial detention hearing in Norfolk, Virginia.[4] Pet. (p. 6 to ECF No. 1). He also claims a search warrant issued in October 2007 in Newport News, Virginia, was overly broad and "maliciously procured." Id. at 7. He further claims he suffered ineffective assistance of counsel and prosecutorial misconduct during a criminal case in Wake County, North Carolina, in 2007.[5] Id. His fourth claimed violation was that evidence against him in the case in which he was awaiting trial was fabricated. Id. at 8

In a Supplemental Petition in Case No. 2:17cv514 (pp. 6-7 to ECF No. 22), he first alleges the jail staff violated his

---

[4] Davis was taken into custody in the Eastern District of Virginia on the charges pending against him in the Eastern District of North Carolina. At a detention hearing, during which Davis was represented by court-appointed counsel, this court found Davis to be a danger to the community and ordered him detained and transferred to the custody of the U.S. Marshal for the Eastern District of North Carolina. See Detention Order, United States v. Davis, No. 2:14mj451 (E.D. Va. Oct. 27, 2014) (ECF No. 7); Transfer Order, Davis, No. 2:14mj451 (Oct. 27, 2014) (ECF No. 6).

[5] In this claim, Davis appears to challenge the procedures leading to his conviction in this state court case in 2007. He makes no argument for why this court might have jurisdiction over this challenge, see Petition (p. 7 to ECF No. 1), and the court therefore abstains from considering it. See 28 U.S.C. §§ 2241, 2254.

constitutional rights by subjecting him to adverse conditions of confinement. Among other, less specific complaints, he asserts that the jail failed to protect him from attacks by other inmates, failed to give him proper medical care, read his legal mail, denied him access to legal resources, and retaliated against him for complaining about these conditions. His second claim in the Amended Petition seems to duplicate claims made in the original Petition. See id. at 7. He also appears to claim conflicts of interest in the federal trial judge that resulted in a deprivation of due process and in his trial lawyer that resulted in ineffective assistance of counsel. Id. Finally, he claims Brady violations by the prosecutors in his federal trial. Id. at 8.

In the Petition filed in Case No. 2:18cv104, in his first asserted Ground for Relief, he seems to allege that the attorney prosecuting him in the Eastern District of North Carolina had a conflict of interest in the case for which she should have been disqualified and also that she failed to disclose evidence in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). Pet. at 8 (p. 7 to ECF No. 1 in No. 2:18cv104). In his second Ground for Relief, he makes a claim about deficiencies in a prior case in the Juvenile and Domestic Relations Court for the City of Hampton, Virginia, to which he was a party. Id. In his third Ground for Relief, he apparently alleges that the officials at

4

Piedmont Regional Jail acted negligently and violated his rights to due process by not protecting him from other inmates. Id. Finally, in his fourth asserted Ground for relief, he presents an ineffective assistance of counsel claim against his trial attorney in the underlying criminal case in the Eastern District of North Carolina. Pet. at 9 (p. 8 to ECF No. 1 in No. 2:18cv104).

In the first Petition Davis filed, he seeks to be released from pre-trial detention and to be appointed counsel. Pet. (p. 8 to ECF No. 1). In the Supplemental Petition, he seeks an arrest of the Eastern District of North Carolina's judgment due to lack of jurisdiction; release from confinement; and injunctive relief to cure the claimed constitutional violations he has suffered from the conditions of his confinement. Supp. Pet. (pp. 8-9 to ECF No. 22). The relief he seeks in his Petition filed in Case No. 2:18cv104 includes appointment of counsel, transfer of the case to the District of Columbia, production to him of various pieces of evidence, dismissal of the charges he was convicted on in North Carolina, and release from confinement. Pet. (pp. 8-9 to ECF No. 1 in No. 2:18cv104).

As clearly as the court can discern them, Davis asserts two kinds of claims, distinguished by the form of relief sought. First, he challenges the fact of his pretrial detention and alleges constitutional violations in the proceedings that led to

5

it and seeks to be released as a remedy. Second, he challenges certain conditions of his detention at Piedmont Regional Jail and seeks injunctive relief as a remedy. The undersigned will address these categories in turn.

a. Claims to be redressed by release from incarceration.

Petitioners for a writ of habeas corpus who are pretrial detainees must seek relief through § 2241. That section provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987); see 28 U.S.C. § 2241(c)(3); see also Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (§ 2241 applies to individuals in pretrial detention); Williams v. Dep't of Corr., No. 5:14-CT-2200-BO, 2015 WL 10910480, at *2 (E.D.N.C. June 1, 2015) (same).

After the entry of a criminal judgment directing incarceration, however, a prisoner's proper mechanism to seek relief is a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence,

6

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."). In Roberts v. Lewis, the court dismissed a petition for a writ of habeas corpus because, although the petitioner had originally brought it properly under § 2241 to grieve the fact of his pre-trial detention, the petitioner was convicted and sentenced during the pendency of the petition. No. CV 2:17-453-RMG, 2017 WL 4792217, at *1 (D.S.C. Oct. 23, 2017). Because "[c]laims for habeas relief from pretrial detention are mooted by a subsequent conviction and sentence," the § 2241 petition no longer presented a justiciable controversy, removing the case from the court's jurisdiction. Id. (citing Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72 (2013); Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993)).

Similarly here, Davis was in detention in the Eastern District of Virginia awaiting trial in the North Carolina criminal proceedings when he originally filed the original and supplemental petitions. He has since been convicted and sentenced in the case for which he was detained awaiting trial. To the extent he grieves the fact of his conviction or his sentence, that grievance must take the form of a motion under § 2255. Davis still has the opportunity to make such a motion in the court where he was convicted and sentenced. See Order,

7

<u>Davis v. United States</u>, No. 5:14-CR-240, slip op. (E.D.N.C. May 31, 2018) (E.D.N.C. Dkt. No. 923) (dismissing Davis' premature § 2255 motion without prejudice in order to permit direct review by Court of Appeals). He may therefore file such a motion in the Eastern District of North Carolina at the appropriate time if he wishes.

The Respondent prudently includes an argument that, even if Davis' petition were considered against the "savings clause" of § 2255, it would fail. Section 2241 can be an appropriate vehicle to challenge the fact of a conviction and sentence when a motion under § 2255 is an "inadequate or ineffective test to the legality of detention." 28 U.S.C. § 2255. As noted above, the District Court for the Eastern District of North Carolina explicitly dismissed his previous § 2255 motion <u>without</u> prejudice, so Davis can still pursue relief for the fact of his incarceration in that court. Because a motion under § 2255 remains available to Davis, it is an adequate and effective vehicle for resolving any challenges to his North Carolina conviction which he sought to remedy through the Petitions brought in this court under § 2241. Therefore, the savings clause will not operate to give this court jurisdiction over Davis' claims challenging the procedures that resulted in his conviction in North Carolina.

8

Because Davis' challenges to his pre-trial detention have been mooted, and because this court lacks jurisdiction to consider his claims related to the fact of his conviction and sentence, the portion of the Petitions related to these claims should be DISMISSED.

b.  Claims demanding injunctive relief.

In the remaining claims, Davis seeks injunctive relief as a remedy to cure the alleged constitutional deficiencies in the conditions of his confinement while he was incarcerated at Piedmont Regional Jail.

In a recent, unpublished decision, the Court of Appeals for the Fourth Circuit noted that the law is unsettled as to whether a § 2241 petition may also be used to challenge conditions of confinement, or whether such challenges must be brought as civil rights actions under 42 U.S.C. § 1983 or Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam). Without directly answering the question, the Fourth Circuit observed that the weight of authority supports the conclusion that actions brought under § 2241 cannot be used to grieve constitutional violations in the conditions of a prisoner's confinement. Id. (citing Braddy v. Wilson, 580 Fed. App'x 172, 173 (4th Cir. 2014); Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

9

In the same unpublished opinion, the Fourth Circuit also noted that a court has the authority—though not the obligation—to consider a claim brought under § 2241 to be a civil rights claim under § 1983 or Bivens if the petition sought relief from unconstitutional conditions of confinement. Id. at 266 n. 3 (citing Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (treating a prisoner's petition for habeas relief on the basis of unconstitutional conditions of confinement to have been a claim under § 1983); Haines v. Kerner, 404 U.S. 519, 520-21, (1972) (liberally interpreting a pro se petition)).

In Davis' case, even if the court sua sponte construed his claims as civil rights actions under § 1983 or Bivens, they are moot and therefore beyond the court's jurisdiction. Since Davis has been transferred away from Piedmont Regional Jail, those claims for which he seeks injunctive relief have become moot, and the court should therefore dismiss them for lack of jurisdiction. See, e.g., Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (claims mooted by transfer to a new facility when they demanded injunctive relief to remedy alleged "lack of adequate medical care, denial of access to the courts on account of lack of library facilities and denial of free envelopes, and failure of the jail to furnish proper security for his personal property"); Koonce v. Turner, No. 5:13-CT-3299-F, 2015 WL 902270, at *2 (E.D.N.C. Mar. 3, 2015) (claims mooted by transfer

to a new facility when they demanded injunctive relief to remedy alleged unconstitutional placement in "disciplinary segregation" and a consequent loss of all "privileges [including phone, visitation, canteen and recreation").

Because Davis only seeks injunctive relief to remedy the alleged violations of his constitutional rights by the conditions of his detention at Piedmont Regional Jail, and because he has now been transferred away from that facility, his claims are moot, and should be DISMISSED.

### Recommendation

As Davis' various pleadings in the two cases allege substantially similar, related claims for relief, the court should GRANT the Motions to Consolidate (ECF No. 54 in Case No. 2:17cv514); Pet.'s Mot. (ECF No. 16 in Case No. 2:18cv104) and DIRECT the Clerk to consolidate the two cases under Case Number 2:17cv514. For the reasons explained above, the Petition (ECF No. 1), the Supplemental Petition (ECF No. 22), and the Petition filed in Case No. 2:18cv104 should also be DISMISSED AS MOOT.

In addition to the Petitions, Davis has submitted 27 filings seeking action from the court in Case No. 2:17cv514, 13 filings seeking action from the court in Case No. 2:18cv104, as well as 30 submissions in Case No. 2:17cv514 and 12 submissions in Case No. 2:18cv104 not seeking any discernible action from the court. Although these documents are generally difficult to

11

understand, the undersigned has reviewed all 82 of them and believes that the claims summarized in this Report from the three Petitions he filed accurately describe all the claims for which Davis is seeking relief in these two cases. Because none of the claims Davis has articulated properly invoke this court's jurisdiction under 28 U.S.C. § 2241, the undersigned recommends the court adopt the foregoing recommendation, and DISMISS both his Petitions (2:17cv514 and 2:18cv104) for lack of jurisdiction, and TERMINATE AS MOOT all motions pending in the consolidated cases.

### Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

a. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

b. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and provide an electronic copy to counsel of record for the Respondent.

                                                   /s/
                                       Douglas E. Miller
                                    United States Magistrate Judge

                                      DOUGLAS E. MILLER
                                      UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
August 20, 2018